# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GERVER FEDNER,**
**Agency No.: A-070-568-359,**

    **Petitioner,**

vs.                                                        Case No. 4:11cv190-MP/WCS

**ERIC H. HOLDER, JR., et al.,**

    **Respondents.**

    _____/

## REPORT AND RECOMMENDATION

Petitioner, who is *pro se*, initiated this action on May 3, 2011, by filing a petition for emergency writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, and simultaneously paying the filing fee. The petition was reviewed and an order was entered directing clarification from Petitioner. Doc. 4. Petitioner has responded with that clarification which reveals this case was prematurely filed. Doc. 6.

Petitioner alleges that he has been languishing in detention for six months in violation of the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). Doc. 2. This is not a challenge to the removal order, only that Petitioner is being held indefinitely because it is "not significantly likely" that Petitioner will be removed "to Haiti

his home country."  Doc. 1, p. 3.  Petitioner was "picked up by ICE" after he was released from jail on December 28, 2010.  *Id.*, at 3; *see also* doc. 6.  Having now confirmed that date, Petitioner has not yet been in custody for six months prior to filing this petition and it must be dismissed as premature.[1]  The six month period of time will expire tomorrow, June 28, 2011, but this case was initiated on May 3rd, nearly two months too soon.

The Supreme Court held that an alien's post-removal-period detention is limited to "a period reasonably necessary to bring about that alien's removal from the United States."  Zadvydas v. Davis, 533 U.S. 678, 689, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001).  For the "sake of uniform administration in the federal courts," the Court held that six months is a presumptively reasonable period of time to detain an alien awaiting removal.  *Id.* at 701, 121 S.Ct. at 2505.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government" may be called on "to rebut that showing."  *Id.* at 701, 121 S.Ct. at 2505.  If the petition fails to show prolonged detention of at least six months, the petition may be dismissed.  Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that the "six-month period thus must have expired at the time [the]§ 2241 petition was filed in order to state a claim under Zadvydas.").  Here, as was the case in Akinwale, Petitioner had only been in detention for four months when the petition was filed.  This case must be dismissed as premature.

---

[1] Petitioner states that the embassy of Haiti may not be issuing travel documents due to the state of affairs in that country after the earthquake.  Petitioner was ordered removed to Haiti in absentia on October 7, 2009.  Doc. 1, p. 4.

Case No. 4:11cv190-MP/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that this § 2241 petition be **DISMISSED** without prejudice for failure to state a claim under Zadvydas as Petitioner had not been in detention for more than six-months at the time of case initiation.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**